UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MERTIS TAYLOR,** | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | NO. _____ |
| VERSUS | * | |
| | * | SECTION \_\_\_\_ |
| OCHSNER CLINIC FOUNDATION, OCHSNER FOUNDATION HEALTH SYSTEMS, INC., and GE HEALTHCARE IITS USA CORP., | * | MAGISTRATE \_\_\_\_ |
| | * | |
| Defendants. | * | |
| | * | |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

APPEARING through undersigned counsel pursuant to the provisions of 28 U.S.C. § 1332(a) and 1441, *et seq.*, GE Healthcare IITS USA Corp. (hereafter "GE Healthcare"), a defendant, and respectfully removes from the Civil District Court for the Parish of Orleans, State of Louisiana, in which this case is now pending under the name and style *Mertis Taylor v. Ochsner Clinic Foundation, Ochsner Foundation Health Systems, Inc., and GE Healthcare IITS USA Corp.*, Civil Action No. 2011-7864, Division "12" (hereinafter referred to as the "State Court Action"), to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Defendant avers as follows:

This matter is being removed by Defendant, GE Healthcare, on the basis of diversity under 28 U.S.C. § 1332(a) because the only properly joined parties to this action have diverse citizenship, and the jurisdictional amount in controversy is satisfied. Defendant, GE Healthcare

is a citizen of a different state from the plaintiff. The other defendants, Ochsner Clinic Foundation, and Ochsner Health Systems, Inc. (hereinafter "Ochsner Defendants"), were improperly joined, because they are qualified health care providers under the Louisiana Medical Malpractice Act, and are allegedly liable for medical malpractice, and as such are subject to review by a medical review panel prior to being made defendants.

This action is a civil action at law in which Plaintiff alleges that he was exposed to infectious diseases, namely HIV, hepatitis B and hepatitis C, during the course of an endoscopic examination. Plaintiff alleges that the defendants failed to properly sterilize equipment utilized during their examinations, causing the alleged exposure. Plaintiff also alleges that other people, "too numerous to mention" were "affected by the negligence" of the defendants, and seeks certification of a class of such persons.[1]

The plaintiff named in this action, Mertis Taylor, claims residency in Jefferson Parish, Louisiana.[2]

The defendants named in the State Court Action were Ochsner Clinic Foundation, Ochsner Health Systems, Inc., and GE Healthcare IITS USA Corp. Plaintiff has alleged that the Ochsner Defendants operated a hospital and clinic in the Parish of Orleans, State of Louisiana.[3] Ochsner Clinic Foundation is a Louisiana non-profit corporation with its principal place of business in Louisiana.[4] Ochsner Health Systems, Inc. is a Louisiana corporation with its principal place of business in Louisiana.[5] For purposes of this Notice of Removal, the state of

---

[1] *See* Plaintiff's Class Action Petition for Damages, attached hereto as Exhibit "1".
[2] *See* Exhibit 1, introductory paragraph on p. 1.
[3] *See* Exhibit 1, ¶ 1.
[4] *See* Louisiana Secretary of State, Corporations Database, entry for Ochsner Clinic Foundation, attached as Exhibit 2.
[5] *See* Louisiana Secretary of State, Corporations Database, entry for Ochsner Health Systems, Inc., attached as Exhibit 3.

citizenship of the Ochsner Defendants is irrelevant, as those parties were improperly joined (*see infra*).

GE Healthcare is a Vermont corporation with its principal place of business in the State of Vermont.[6]

A. **Complete diversity exists between the plaintiff and the properly joined defendant, GE Healthcare.**

On the face of the state court record, complete diversity of citizenship between the plaintiff and all defendants would appear to be lacking. However, the Ochsner Defendants were improperly joined, because the claims against the hospital defendants were subject to the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, *et seq.* and therefore review by a medical review panel is required before Plaintiff could name the Ochsner Defendants as defendants in a district court matter. If the Ochsner Defendants are disregarded as improperly joined, complete diversity exists between the plaintiff, a citizen of Louisiana, and Defendant, GE Healthcare, a citizen of Vermont.

1. **The Ochsner Defendants were improperly joined.**

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." An in-state defendant is improperly joined with other defendants, and should be disregarded for the purpose of determining diversity of parties, when there is "no reasonable

---

[6] *See* Entries for GE Healthcare IITS USA, Corp., from Vermont Secretary of State, Corporations Database, and Louisiana Secretary of State, Corporations Database, attached *in globo* as Exhibit 4.

3

basis for the district court to predict that the plaintiff might be able to recover against [that defendant]." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

In comparable matters before this court in recent years, this Court has answered the question of whether defendants similar to Ochsner Clinic Foundation and Ochsner Health Systems, Inc. in this matter would be improperly joined if the plaintiff had not obtained the opinion of a medical review panel pursuant to the LMMA before filing suit. In both *Jones v. Centocor, Inc.,* 2007 U.S. Dist. LEXIS 84717 (E.D. La. 2007) and *Senia v. Pfizer, Inc.,* 2006 U.S. Dist. LEXIS 32555 (E.D. La. 2006), this Court held that health care providers against whom malpractice claims were alleged were improperly joined for the purpose of diversity jurisdiction. In *Jones* and *Senia*, the plaintiff had initiated a complaint before a medical review panel with the Louisiana Division of Administration for medical malpractice against the health care provider at issue, but that complaint had not yet been resolved. A defendant with diverse citizenship from the plaintiff (and the in-state health care provider) removed the matter to federal court, asserting that the hospital was improperly joined because a lawsuit could not be initiated against the hospital until the medical review panel had completed its review. In each case this Court held that the in-state health care provider was improperly joined, and disregarded the hospital's citizenship for the purpose of evaluating diversity jurisdiction in that case. The court denied the plaintiffs' motions to remand. *See also Fontenot v. Johnson & Johnson, et al.*, 2010 U.S. Dist. LEXIS 60163 (W.D. La., Apr. 30, 2010) (adopted by *Fontenot v. Johnson & Johnson,* 2010 U.S. Dist. LEXIS 60234 (W.D. La., June 17, 2010) (accord).

      **a.**    **A lawsuit against the Ochsner Defendants is premature before a decision is reached by a medical review panel.**

Plaintiff has alleged that the Ochsner Defendants are operators of a hospital and clinic. Therefore, they are qualified healthcare providers as defined by the Louisiana Medical

4

Malpractice Act (hereinafter "LMMA"), and therefore subject to protection afforded to qualified healthcare providers under that law. Each of the Ochsner Defendants' status as qualified healthcare providers is demonstrated by certificates of enrollment in the Patients' Compensation Fund.[7] Louisiana courts held that such certificates are "competent evidence to establish a prima facie case for the applicability of the medical malpractice law regarding claims against the party identified on the certificate." *Roark v. Liberty Healthcare Sys., LLC*, 26 So. 3d 968, 973-974 (La.App. 2 Cir. 2009) (*citing* La. R.S. 13:3711, 3712; *Hill v. Brentwood Hosp.*, 480 So.2d 875 (La. App. 2d Cir. 1985); *Goins v. Texas Optical, Inc.*, 463 So.2d 743 (La. App. 4th Cir. 1985)).

In general, any conduct by a hospital complained of by a patient is properly within the scope of the LMMA if it can be said that it comes within the definitions of the act, even though there are alternative theories of liability. See *Dominick v. Rehabilitation Hospital of New Orleans,* 97-2310 (La. App. 4 Cir. 4/15/98); 714 So. 2d 739, *Dinat v. Texada,* 09-665 (La. App. 3 Cir. 2/10/10), 30 So. 3d 1139; *Cashio v. Baton Rouge General Hospital,* 378 So.2d 182 (La. App. 1st Cir. 1979). If this Court finds the provisions of the LMMA apply, Plaintiff's Petition for Damages is premature. See La. R.S. 40:1299.47.

> The LMMA defines malpractice covered by the Act as follows:
>
> ***any*** unintentional tort or any breach of contract ***based on health care professional services rendered***, ***or which should have been rendered by a health care provider to a patient***, ***including failure to render services timely in the handling of a patient***, including loading and unloading of the patient and ***also includes all reasonable responsibilities of a health care provider arising from acts and omissions in the training or supervision of health care providers*** or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient. (Emphasis added).

La. R.S. 40:1299.41(A)(10) (emphasis added).

---

[7] *See* Certificates of Enrollment in a Patients' Compensation Fund for Ochsner Clinic Foundation, and Ochsner Health Systems, Inc., attached hereto *in globo* as Exhibit 5.

5

In *Cashio, supra,* the plaintiffs filed suit after a patient died from a staph infection contracted during coronary bypass surgery. The plaintiffs, much like the plaintiffs in this case, attempted to circumvent the LMMA by filing a lawsuit rooted upon the duty owed by a premises owner under La. C.C. art. 2317.  Defendant filed an exception of prematurity.  In reversing the trial court, the First Circuit held that the LMMA applied because "treatment" and thus "health care" includes furnishing a clean and sterile environment. *Cashio,* 382 So.2d at 184.  The court rejected plaintiffs' argument that the LMMA did not apply because the hospital was being sued as a premises owner rather than health care provider and because the hospital could be strictly liable under La. C.C. art. 2317.  Moreover, the Court specifically noted "a plaintiff cannot control the progress and procedure of his claim by semantically designating one capacity of two or more belonging to the defendant as the desired one when the statute requires a procedure if the claim fits within its definition." *Cashio,* 382 So.2d at 185.  Plaintiff in this case has alleged premises liability in his Petition for Damages, presumably under Civil Code article 2317, however, as in *Cashio,* this case is rooted in medical malpractice and as such, allegations of premises liability or any other general negligence theory cannot circumvent the LMMA.

Aside from *Cashio,* other courts have found allegations centering on or arising out medical equipment issues constitute medical malpractice. *Renz* v. *Ochsner Foundation Hospital/Clinic,* 420 So.2d 1008 (La. App. 5th Cir. 1982); *Richardson* v. *Advanced Cardiovascular Systems, Inc.,* 865 F.Supp. 1210 (E.D. La. 1994). In *Renz,* the court held allegations pertaining to the malfunction of a medical life support system is part of "professional services rendered" and thus falls within the definition of malpractice. *Renz*, 420 So. 2d at 1010. In *Richardson,* the court found allegations concerning the failure of a balloon during an angioplasty procedure fit within the definition of "malpractice" and thus the plaintiffs' petition

6

for damages was premature. Here, this Court should focus on Plaintiff's allegations in their entirety and not any single allegation standing alone. *Taylor* v. *Christus Southwestern Louisiana,* 04-627 (La. App. 3 Cir 11/10/04); 886 So.2d 696.

The scope of acts and omissions that are "treatment related" include maintaining safeguards to ensure the safety of vulnerable patients, as well as providing medical care consistent with appropriate standards. *See Meseke v. St. Francis Medical Center*, 40,317 (La. App. 2 Cir. 10/26/05), 914 So. 2d 136, 139. (the scope of activities that were covered by the LMMA included responding to a patient's call for assistance and transporting him to the bathroom).

### b. The *Coleman* factors warrant dismissal of Plaintiff's claims against the Ochsner Defendants as premature.

The Louisiana Supreme Court set forth six factors in *Coleman* v. *Dena,* 2001-1517 (La.1/25/02); 813 So. 2d 303, to assist courts in determining whether certain conduct by a qualified health care provider constitutes malpractice as defined under the LMMA. The *Coleman* factors are:

a) whether the injury was treatment related or caused by dereliction of professional skill;

b) whether the wrong requires expert medical evidence to determine whether the applicable standard of care was breached;

c) whether the act involved assessment of the patient's condition;

d) whether the incident occurred in the context of the physician patient relationship or was within the scope of activities which a hospital is licensed to perform;

e) whether the injury would have occurred if the patient had not sought treatment; and

f) whether the tort was intentional.

*Coleman,* 813 So.2d at 315-316.

### i. As plead, the alleged injury was treatment related and/or caused by an alleged dereliction of professional skill.

Health care is defined in Louisiana Revised Statue 40:1299.41 as "any act or treatment performed or furnished, or which should have been performed or furnished by any health care provider for, to, or on behalf of the patient during a patient's medical care, treatment or confinement." One of the principal duties owed by a hospital to its patients is the furnishing of a clean and sterile environment. Indeed, the furnishing of such an environment is an integral component of the treatment which hospitals provide to their patients. *Cashio,* 378 So.2d at 184 (holding the definition of treatment includes "the furnishing of a clean and sterile environment for all patients"). There can be no dispute that allegations concerning a hospital's failure to provide a clean and sterile environment, which is the exact allegation in this case, amount to an alleged dereliction of professional skill related to the treatment of patients.

### ii. Expert medical evidence is needed to determine if appropriate standard of care was breached by the Ochsner Defendants.

The standard of care required of a hospital in providing for sterility of its facility and the equipment utilized in endoscopic procedures is not common knowledge and cannot be inferred by a lay jury. This is evidenced by the fact that a lay jury would not be familiar with local, state and internal regulations and procedures for ensuring the sterility of a hospital and its equipment. Expert testimony will be needed to establish the standard of care in performing endoscopic procedures and whether there was a breach of the standard of care in the methods it utilized in performing the procedures at issue.

### iii. Alleged act or omission involved assessment of the patient's condition.

While one may argue a patient's contraction or fear of contraction of a serious illness, such as hepatitis or HIV, does not involve the assessment of a patient's condition, the allegations in Plaintiff's Petition establish that the purported negligence and claimed damages occurred in conjunction with the treatment and assessment of Plaintiff, during the endoscopic procedure at issue.

### iv. Alleged incidents took place in context of physician-patient relationship and within the scope of activities which a hospital is licensed to perform.

The fourth *Coleman* factor is satisfied as there can be no dispute that the very procedure at issue in this case constitutes and is within the scope of activity which the Ochsner Defendants are licensed to perform.

### v. Any alleged injuries would not have occurred in this manner if the patient(s) had not sought treatment at the Ochsner Defendants' facility.

As specified in his Petition, Plaintiff was a purported patient at the Ochsner Clinic Foundation Hospital receiving medical treatment. As such, common sense indicates that a claim based on failure to properly perform the endoscopic procedure, i.e. provide adequate care for patients, is specifically linked to treatment. *Coleman,* 813 So.2d at 315.

### vi. The alleged tort was not intentional.

The sixth and final Coleman factor is satisfied as Plaintiff does not allege the Ochsner Defendants committed an intentional tort. Applying all of the *Coleman* factors to the facts and allegations of this case establishes the plaintiff is alleging an unintentional tort based on the professional services that a hospital is licensed to perform, or which should have been rendered

by the Ochsner Defendants to their patients. As such, the Louisiana Medical Malpractice Act applies to this matter.

**B.     The jurisdictional amount for removal under 28 U.S.C. § 1332(a) is satisfied.**

In order for federal jurisdiction to be present under 28 U.S.C. § 1332(a), the amount in controversy for at least one plaintiff must exceed $75,000.  The defendant need only show by a preponderance of the evidence that the jurisdictional amount is met.  *Gibson v. Canal Ins. Co.*, 2004 U.S. Dist. LEXIS 4666 (E.D. La. Mar. 18 2004).  A defendant can meet this burden either by showing that it is facially apparent from the nature and amount of the claims that they are likely to be above the requisite amount, or by setting forth the facts which would support a finding of the requisite amount.  *Id.*

Under La. C.C.P. Art. 893(a)(1) as amended by Acts 2004, No. 334, **if a claim is for less than the requisite amount for the exercise of federal jurisdiction, plaintiff is <u>required</u> to so allege in the petition**.  Here, the Petition for Damages contains no such limitation.  This omission may be taken into account to tend to show that the claim is intended to exceed the federal jurisdictional amount.  *See Haydel v. State Farm Mut. Auto. Ins. Co.*, 2008 U.S. Dist. LEXIS 122272 (M.D. La. June 10, 2008) at *21 ("this court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional amount determination").

Further the facts pled in the petition, taken as true for this purpose, support finding that the jurisdictional amount is met.  Plaintiff alleges that he was exposed to equipment that was tainted with microorganisms capable of causing life-threatening diseases, including HIV, hepatitis B and hepatitis C, and that he suffers from fear of contracting those diseases.

- In *Cotita v. Pharma-Plast, U.S.A., Inc.*, 974 F.2d 598 (5th Cir. 1992), while providing nursing services to an AIDS patent, a nurse was stuck by a syringe manufactured by the Defendant. The syringe, still in its sterile packaging, was missing the protective cap that normally covers the tip of the needle. Because of the presence of the patient's blood on the nurse's gloves at the time of the stick, the plaintiff feared exposure to the HIV virus. Although reduced by comparative fault, the jury award was in the amount of **$150,000.00.**

- In *Emery v. Owens-Corporation*, 00-2144 (La. App. 1 Cir. 11/9/01), 813 So.2d 441, the jury awarded **$200,000** for his past, present & future mental anguish which included plaintiff's fear of contracting cancer as a result of his exposure to asbestos. Plaintiff had suffered asbestosis.

- In *David v. Our Lady of Lake Hosp., Inc.* 2002-1945 (La. App. 1 Cir. 6/27/03), 857 So.2d 529, the trial judge awarded plaintiff, who had contracted hepatitis C, **$632,000** for mental pain and suffering; and **$895,000** for emotional distress, fear of cancer, and loss of enjoyment of life.

- In *Dodson v. Community Blood Center*, 633 So.2d 252 (La. App. 1st Cir. 1993), the trial judge awarded **$275,000** due to contracting hepatitis C through blood transfusions. $50,000 was for loss of enjoyment of life and past pain and suffering, $75,000 was for past mental anguish, and $150,000 was for future mental anguish.

In light of the foregoing, once again, accepting Plaintiff's allegations as true for this purpose, by a preponderance of the evidence, Plaintiff has placed into controversy in excess of $75,000, satisfying the jurisdictional amount in controversy under 28 U.S.C. § 1332(a).

**D.     This removal is timely.**

This suit was filed on July 22, 2011, in the Civil District Court, in and for Orleans Parish, Louisiana, and is now pending in that court.[8]  Fewer than 30 days have passed since the date the initial pleadings for the State Court Action were filed, thus, this Notice of Removal was timely filed within the 30-day deadline set forth in 28 U.S.C. §1446(b).[9]

**E.     Conclusion**

This action is one over which the district courts of the United States are given original jurisdiction.  The value of the matter in controversy exceeds $75,000.  There is complete diversity of citizenship between the plaintiff and the properly joined defendant.  The properly joined defendant is not a citizen of the State of Louisiana.  The time within which removal must be effected has not expired.

A list of all parties, and all attorneys and the parties they represent, in the state court proceedings is attached to this Notice as Exhibit "6".

Under 28 U.S.C. §1446(a), the removing defendant must file "a copy of all process, pleadings and orders served upon such defendant or defendants in such action." Again, GE Healthcare has not been served with process, but has attached a copy of the Class Action Petition for Damages that it has obtained as Exhibit "1".

A certified copy of the entire state court record has been obtained from the Clerk of Court for the Civil District Court for the Parish of Orleans, and is attached *in globo* as Exhibit "7".

---

[8] *See* Exhibit 1.
[9] Although not necessary to show that this action is being timely removed to federal court, GE Healthcare notes for the Court's information that it has not been served with process, to date.  Court employees have informally informed counsel for GE Healthcare that service is being withheld until the Court schedules the hearing on Plaintiff's Motion for Class Certification.

Written notice of this removal has been served on counsel for Plaintiff by facsimile transmission, and by placement in the United States Mail, properly addressed and postage pre-paid.

Defendants are not represented by counsel of record, and counsel for GE Healthcare has not been able to discover, to date, who will serve as counsel of record for the Ochsner Defendants.  Written notice of this removal has therefore been served these defendants, by U.S. mail to their agents for service of process in Louisiana.

A copy of this removal is being filed with the Clerk of Court for the Civil District Court, Parish of Orleans, State of Louisiana, by hand delivery.

ACCORDINGLY, the defendant, GE Healthcare, asks that this matter proceed in the United States District Court for the Eastern District of Louisiana, as a matter properly removed.

Respectfully Submitted,

**COTTEN SCHMIDT & ABBOTT, L.L.P.**

s/Charles H. Abbott
**CHARLES H. ABBOTT**     (La.  Bar No. 27930)
**BYRON D. KITCHENS**     (La. Bar No. 25129)
**RYAN C. WALLIS**         (La. Bar No. 28259)
650 Poydras Street, Suite 2810
New Orleans, Louisiana  70130
Telephone:  504/568-9393
Facsimile:   504/524-1933
**Counsel for GE Healthcare IITS USA Corp.**